Judge B. FLETCHER,
concurring in part and dissenting in part:
I concur in the majority’s memorandum to the extent it establishes that the prosecution suppressed evidence favorable to the defense in violation of Brady and Gig-lio and that the suppression prejudiced Kott. I respectfully dissent, however, from the majority’s conclusion that there is insufficient evidence that the prosecution “acted flagrantly, wilfully, or in bad faith,” *738 United States v. Chapman, 524 F.3d 1073, 1085 (9th Cir.2008), such that the exercise of this court’s supervisory authority to dismiss the indictment is not warranted.
The principles guiding the exercise of this court’s supervisory powers are set forth in my dissent in United States v. Kohring. One of those principles instructs that, “[i]n determining the proper remedy [for prosecutorial misconduct], we must consider the government’s willfulness in committing the misconduct and its willingness to own up to it.” Chapman, 524 F.3d at 1087, quoting United States v. Kojayan, 8 F.3d 1315, 1318 (9th Cir.1993).
I am deeply troubled by the government’s lack of contrition in this case. Despite their assurances that they take this matter seriously, the government attorneys have attempted to minimize the extent and seriousness of the prosecutorial misconduct and even assert that Kott received a fair trial-despite the government’s failure to disclose thousands of pages that reveal, in part, prior inconsistent statements by the government’s star witnesses, Bill Allen and Rick Smith, regarding the payments Kott allegedly received. The undisclosed pages also reveal an ongoing investigation of Allen for sexual exploitation of minors and his attempts to suborn per-jurious testimony from one of the minors, and information regarding Smith’s questionable mental health around the time of Kott’s trial.
The government’s stance on appeal leads me to conclude that it still has failed to fully grasp the egregiousness of its misconduct, as well as the importance of its constitutionally imposed discovery obligations. Because a new trial, in my view, is insufficient to remedy the violation of Kott’s constitutional right to a fair trial and to deter future illegal conduct, I would exercise our supervisory authority to dismiss the indictment with prejudice.